**FRANKLIN (City), Plaintiff, v. HARRISON, Jr., Defendant.**

Franklin Municipal Court.

No. 6587-4-4196.   Decided October 28, 1957.

Finkleman & Ross, Middletown, for plaintiff.
Geo. H. Elliott, Clinton D. Boyd, Jr., Middletown, for defendant.

**OPINION**

By RILEY, J.

This case comes before this court on the following statement of facts. On January 7, 1957 the City Council of the City of Franklin, Ohio

passed an Ordinance No. 1956-29 entitled "An Ordinance providing for an Excise Tax on Water and Sewer Bills in the City of Franklin, Ohio and to declare an Emergency."

WHEREAS, the subject matter herein contained constitutes an emergency, in that it provides for the daily operations of the Municipal departments of the City of Franklin, Ohio.

THEREFORE, BE IT ORDAINED by the Council of the City of Franklin, Ohio:

Section 1. As used in this section and in other sections relating to the same subject matter in this chapter, the words "Director of Safety Service" shall mean the Director of Safety Service of the City of Franklin, Ohio and the word 'person" shall include individuals, firms, partnerships, associations, corporations and combinations of individuals of whatever form and character.

Section 2. That for the purpose of providing revenues for the General Fund of the City of Franklin, Ohio in addition to those raised from general property taxes permitted under the constitutional limitations and from other sources for the support of local government functions, there is hereby levied from the first date allowable by law a tax of 50% computed on the rate charged for water and sewer by the City of Franklin, Ohio and used by consumers.

Section 3. The tax hereby levied shall not apply when the consumer or user is the United States Government.

Section 4. The Water Department of the City of Franklin, Ohio furnishing or delivering the services on which this tax is levied shall in each and every bill or statement rendered therefor after the first date allowable by law set forth an item for said tax as a separate item or in connection with any other tax on said bill carrying out the amount thereof and including the same in the total of said bill or statement so rendered and collect said tax from the consumer or payer of said bill or statement at the time of payment thereof.

Section 5. The Water Department receiving any payment on bills or statements taxable under the provisions of this ordinance, shall on or before the last day of each calendar month make a return to the Director of Safety Service in form as the Director of Safety Service may prescribe, showing the aggregate amount of taxable payments for such bills or statements collected during the preceding calendar month, the amount of tax thereby imposed and collected on the same, and such other facts and information as the Director of Safety Service may require on the form prescribed by him.

Section 6. The Safety Service Director of the City of Franklin, Ohio, shall at the time of such report cause the amount of taxes paid to be credited to the General Fund.

Section 7. Whoever being a consumer or payer, refuses to pay the full and exact tax, as required by this chapter, shall be guilty of a misdemeanor and upon conviction thereof shall be fined one hundred dollars for the first offense, and two hundred dollars for the second and each subsequent offense.

Section 8. It shall be the duty of the Director of Safety Service to

collect and receive the tax imposed by the provisions of this ordinance. It shall also be the duty of the Director of Safety Service in addition to keeping records now required by law or ordinance, to keep a record showing the amount received by him from each person hereunder and the date of such receipt.

Section 9. All taxes imposed by the provisions of this ordinance remaining unpaid on the date fixed for payment in accordance with Section 2 of this ordinance, shall bear interest in addition to the amount of the unpaid tax at the rate of six per cent per annum.

Section 10. All taxes imposed by the provisions of this ordinance together with all interest and penalties, shall be recoverable by the City of Franklin, Ohio by proper suit, action or proceedings in any court of competent jurisdiction.

Section 11. If any sentence, clause, section, word or words, or part of any of the provisions or sections of this ordinance, is for the reason found to be unconstitutional, illegal or invalid, that unconstitutionality, illegality or invalidity shall not affect or impair any of the remaining provisions, sentences, clauses, sections, word or words and parts of this chapter.

Section 12. It is hereby declared as the intent of this Council that this ordinance would have been adopted had unconstitutional, illegal or invalid sentence, clause, section, word or words or part thereof, not been included therein.

Section .13. That this ordinance is an emergency in that the public peace, health, safety and welfare of the inhabitants of the City of Franklin require its passage without delay and this ordinance shall become effective immediately and be in force from and after its passage.

Passed January 7, 1957.

Attest:

(Helen Kennedy)

_____

Clerk

(John Hoffer)

_____

President of Council

Approved:

(C. C. Black)

_____

Mayor

The defendant, Robert Harrison, Jr., is the owner of certain real property in the City of Franklin and failed and refused to pay the tax provided by the aforementioned ordinance and on the 9th day of July, 1957, a warrant for his arrest was issued upon the defendant by one E. M. Woodward, whereby the defendant was arrested for having failed to pay said tax.

On July 17th, 1957, a demurrer to the affidavit was filed on behalf of the defendant on the grounds that the facts stated in such affidavit did not constitute an offense in that said ordinance 1956-29 violated the provisions of the Constitution of the United States and the Statutes of the State of Ohio.

Therefore, we have two points or legal questions raised by said demurrer,

First: Is said Ordinance 1956-29 in contravention of provisions of the Constitution of the United States?

Second: Is said Ordinance 1956-29 in contravention of the Laws of the State of Ohio?

Ordinance No. 1956-29 is entitled:

"An Ordinance providing an excise tax on water and sewer bills in the City of Franklin, Ohio and to declare an emergency."

Section 2 of said ordinance reads "That for the purpose of providing revenues for the General Fund of the City of Franklin, Ohio in addition to those raised from general property taxed permitted under the constitutional limitations and from other sources for the support of local government functions, there is hereby levied from the first date allowable by law a tax of 50% computed on the rate charged for water and sewer by the City of Franklin, Ohio, and used by consumers."

It has repeatedly been held that the designation given to the ordinance by the council or legislative body is not determination of the validity or nature of the tax. Its character must be determined by its incidents, operations and effect.

Under the ordinance in question the result has been an increase to the water and sewer consumer and user, who pays such bills when rendered by the Water Department.

Therefore another question to be decided by the court·is whether the raising of such funds by such means has any authority under the Statutes of Ohio or the Constitution?

It is well established that a Municipal Corporation can only levy taxes within the limits prescribed by the State Legislature or the Constitution: "as was stated in the case of Cincinnati v. Roettinger, 105 Oh St 145," "as municipalities get their authority for levying taxes from the legislature, the legislature must be held to have the power to place proper limits thereon."

Article XII, Section 6, Ohio Constitution, provides:

"The General Assembly shall provide for the organization of cities and incorporated villages, by general laws, and restrict the powers of taxation, assessment, borrowing money, contracting debts and loaning their credit, so as to prevent the abuse of such power." ·

The provision of Article XII, Section 2, Ohio Constitution, restrains municipalities from levying taxes beyond established limitation without special authority from the voters or from the charter of such municipal corporation.

It is further provided in Article XVIII, Section 13, Ohio Constitution:

"Laws may be passed to limit the power of municipalities to levy taxes and incur debts for local purposes, and may require reports from municipalities as to their financial condition and transaction, in such form, as may be provided by law, and may provide for the examination of vouchers, books and accounts of all municipal authorities or of public undertakings conducted by such authorities."

The General Assembly in §5705.02 R. C., places a limitation upon

property taxes levied in this state not to exceed ten mills on each 1,000.00 dollar of valuation.

In further accord with the aforementioned constitutional powers of the Legislature to restrict and limit the power of a municipality to tax and to control the expenditures of tax revenues, the General Assembly has enacted legislation which specifically limits and restricts the use and expenditure of water and sewer revenues. **Sec. 743.05 R. C.,** formerly §3959 GC, provides as follows:

"After payment of the expenses of conducting and managing the water works, any surplus of a municipal corporation may be applied to the repairs, enlargement, or extension of the works or of the reservoirs, the payment of the interest of any loan made for their construction, or for the creation of a sinking fund for the liquidation of the debt. In those municipal corporations in which water works and sewerage systems are conducted as a single unit, under one operating management, a sum not to exceed ten per cent of the gross revenue of the water works for the preceding year may be taken from any surplus remaining after all of the preceding purposes have been cared for and may be used for the payment of the costs of maintenance, operation and repair of the sewerage system, and sewerage pumping, treatment, and disposal works for the enlargement or replacement thereof. Each year a sum equal to five per cent of the gross revenue of the preceding year shall be first retained from said surplus as a reserve for water works purposes." "The amount authorized to be levied and assessed for water works purposes shall be applied by the legislative authority to the creation of the sinking fund for the payment of any indebtedness incurred for the construction and extension of water works and **for no other purpose."**

Also §729.52 **R. C.,** provides as follows:

"The funds received from the collection of sewer rentals under §729.49 **R. C.,** shall be deposited weekly with the treasurer of the municipal corporation. Money so deposited shall be kept as a separate and distinct fund and shall be known as the sewer fund. When appropriated by the legislative authority of the municipal corporation, the fund shall be subject to the order of the director of public service of a city or of the board of trustees of public affairs of a village. The director or board shall sign all orders drawn on the treasurer of the municipal corporation against such fund, which fund shall be used for the payment of the costs of the management, maintenance, operation, and repair of the sewerage system and sewerage pumping treatment, and disposal works. Any surplus in such fund may be used for the enlargement or replacement of the system and works, for the payment of the interest on any debt incurred for the construction thereof, and for the creation of a sinking fund for the payment of such debt but shall not be used for the extension of a sewerage system to serve unsewered areas **or for any other purpose."**

It has been repeatedly held by numerous cases that revenues derived from municipally owned and operated water works may not be transferred to the general fund of said municipality and be used to meet the general government expenses and municipal obligations.

Roodman v. Cleveland, 78 Oh Ap 401, 34 O. O. 140; Lakewood v. Rees, 132 Oh St 399, 8 O. O. 213; Hartwig Realty Co. v. City of Cleveland, 128 Oh St 583; Cincinnati v. Roettinger, 105 Oh St 145.

In the instant case the mere title of the ordinance on Section 2 of the same, designates the same as an excise tax but in reality it is an attempt by the Council of the City of Franklin to evade the constitutional and statutory limitations upon taxes.

It is apparent that this ordinance is an effort upon the part of the municipality to deliberately impose a tax to make up a deficiency in the general expense of the municipality which cannot be met within the limits of taxation otherwise provided and is an effort to evade the statutory and constitutional limitations on the subject. Cincinnati v. Roettinger, 105 Oh St 145.

If the legislature intended no restrictions—what would prevent the council this year to establish a 50% excise tax and the next year to make it 75% and the next year more?

If all such taxes may be levied, then all municipal financial difficulties could be solved by the indefinite increase on said tax each year as suited the council of said city. Such an assumption would sanction the imposition of the burden of furnishing funds required for the administration of the affairs of a city upon the user of water and sewer bills.

Therefore Ordinance 1956-29 whether an excise tax, rental, rate or whatever title it may be given is in direct contravention of the laws of the State of Ohio.

Secs. 743.05 and 729.52 R. C.

The court now comes to the other part of said demurrer to-wit: "is in contravention of the provisions of the Constitution of the United States."

The ordinance under consideration imposes the burden of furnishing to the general fund money in sufficient quantity to meet the expenses of the city and puts this burden on the user of water in direct proportion to such use.

Now does such an ordinance deny to the defendant the equal protection of the law?

Is there a reasonable relation between the difference in water used and this taxpayer's responsibility to support the general fund of the city? It seems to appear to the court that the user and non-user has a decided advantage on burden.

X is an industrial plant with several hundred thousand invested, it furnishes its own water and therefore contributes nothing to the general fund which in turn is the fund out of which appropriations for the different departments are made to give this industry the protection that such an investment requires—fire, police, streets, etc. While Z is a poor home owner who perhaps even takes in washings, she therefore by using city water contributes in tax to the General Fund and therefore Z pays a larger contribution to this tax than X because X is a non-user.

We can also take the example of many homes and additions where home owners are non-users, getting the benefit of a tax imposed upon

users wherever the city uses fund money for their protection as in the case of X, while they contribute nothing.

Since the general fund of the city is liable for the payment of the operating expenses of the city; payment of salaries, maintenance and purchase of equipment et cetera, such expenditures made from the general fund go to the equal benefit of all the people. But X, a non-user, with all the many other and numerous non-users contributes as taxes, nothing to this fund. In the case of Yeagill v. State, 20 O. C. C., 646:

"Whenever a burden is placed on persons or a class of persons, or whenever a privilege or protection is given a person or to a class of persons, to the exclusion of others, it must be based upon some existing distinction or reason not applicable to persons not within its provisions."

According to the Supreme Court: Whether there is a real and substantial distinction in the classification attempted, or it is merely artificial, arbitrary or fictitious made for the purpose of avoiding consitutional requirements, 110J. 22nd, 15.

The court feels that this ordinance, without genuine reasons, imposes a burden upon the users of water from which it exempts another group, both of them occupying substantially the same relation toward the subject matter of the legislation and therefore discriminates and places a burden on one not imposed on the other, and violates the Constitution.

The demurrer of the defendant is hereby sustained by the court on both counts and the defendant discharged; and the attorneys may so prepare an entry in compliance with this decision. "Noting exceptions to City of Franklin."